IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSICA ELLIOTT,

    Plaintiff,

v.  Civil Action No. 5:08CV30
                                                                     (STAMP)
WAL-MART STORES, INC., d/b/a
WAL-MART SUPERCENTER STORE #1948,
a Delaware corporation,
and WAL-MART STORES EAST, LP, d/b/a
WAL-MART SUPERCENTER STORE #1948,
an Arkansas corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I. Background

On December 14, 2007, the plaintiff filed this personal injury action in the Circuit Court of Brooke County, West Virginia alleging negligence on the part of the defendants. Specifically, the plaintiff alleges that the defendants negligently failed to maintain the "yellow strips/dividers" in the parking lot of the Wal-Mart store located at 243 Three Springs Drive Road in Weirton, West Virginia. The plaintiff contends that because of the defendants' alleged negligence she slipped and fell on the "yellow strips/dividers" and suffered physical injuries.

On January 15, 2008, the defendants filed a notice of removal in this Court based upon diversity jurisdiction. Thereafter, the plaintiff filed a motion to remand to which the defendants filed a response in opposition. The defendants later filed a supplemental

response and a motion for leave to file a supplemental memorandum in opposition to the plaintiff's motion to remand. The plaintiff replied to the defendants' supplemental response.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

In her motion to remand, the plaintiff does not deny that diversity exists because she is a resident of West Virginia, and the defendants are foreign corporations which have their principal places of business located in Arkansas. Rather, the plaintiff asserts that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

This Court has consistently applied a "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. The defendants contend, however, and the plaintiff appears to concede, that a "legal certainty" standard must be applied. Under the legal certainty standard urged by the defendants, diversity of citizenship exists unless it appears to a legal certainty that the plaintiff cannot recover damages in excess of the jurisdictional minimum. In support of this position, the defendants rely on Lanier v. Norfolk Southern Corp., 256 Fed. Appx. 629 (4th Cir. Dec. 5, 2007)(unpublished), and Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192 (4th Cir. 2008).

The defendants misconstrue the applicability of Lainer and Ellenburg. In Lainer and Ellenburg, the Fourth Circuit Court of Appeals was not concerned with a defendant's burden of proving the amount in controversy when jurisdiction is challenged on removal. Rather, the Court addressed the pleading standard for a notice of removal. See Ellenburg, 519 F.3d at 200 (finding that "it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint"); Lainer, 256 Fed. Appx. at 631 (noting that "under [the Class Action Fairness Act], the proponent of removal must show . . . diversity, and it must be clear from the face of the complaint that the amount in controversy exceeds [the jurisdictional minimum]"). Neither case adopted a legal certainty standard to determine whether a defendant, in a removal case based upon diversity jurisdiction, has met its burden of proving the amount in controversy when subject matter jurisdiction is challenged.

Generally, the legal certainty standard advanced by the defendants applies to cases that originate in federal court. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "A different test applies in removal situations . . . in which the plaintiff has made an unspecified demand for damages in state court. A defendant that removes a case from state court in which the damages sought are unspecified, asserting the

existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." Id.

In this case, the plaintiff has filed a motion to remand challenging the defendants' assertion in their notice of removal that this Court has subject matter jurisdiction over the instant action. Because this case is before this Court on removal and the plaintiff's complaint does not set forth a total monetary sum requested, the defendants must show by a preponderance of the evidence that this action meets the requisite amount in controversy. The defendants argue that the amount in controversy is in excess of the jurisdictional minimum because the plaintiff has made claims for continuing medical expenses, future damages, damages for permanent injuries, lost wages and impaired earning capacity. In her reply to the defendants' supplemental response in opposition to the motion to remand, the plaintiff identifies the following specific damages: $5,219.00 in medical bills from Weirton Medical Center and Weirton Chiropractic Center and approximately $28.00 in lost wages.[1] Taken together, the plaintiff's specific monetary demands total only $5,247.00. While this amount is not dispositive of the value of this civil action because it does not

---

[1] In her reply brief, the plaintiff states that as a result of the defendants' alleged negligence, she may have lost one half of a work day at Chili Willies at a wage of $7.00 an hour. Assuming that a normal work day lasts eight hours, the plaintiff has allegedly lost four hours of work at $7.00 an hour.

include plaintiff's medical bills from her primary care physician, from Eckerd Pharmacy or from Weirton Radiology, it does provide some indication as to the amount of damages involved, which at this time is shown to be far below the $75,000.00 jurisdictional minimum. Moreover, the plaintiff makes no bad faith allegations and no allegations of gross negligence or recklessness which might warrant a punitive damages award. Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum. Accordingly, the plaintiff's motion to remand must be granted.[2]

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Additionally, because this Court considered the defendants' supplemental response and the plaintiff's reply thereto in reaching its decision, the defendants' motion for leave to file a supplemental memorandum in opposition to the plaintiff's motion to remand is GRANTED. It is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia. It is further

---

[2]Nothing prevents the defendants from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b). Obviously, the case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. 28 U.S.C. § 1446(b).

6

ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia.

DATED:   June 23, 2008

                                         /s/ Frederick P. Stamp, Jr.
                                         FREDERICK P. STAMP, JR.
                                         UNITED STATES DISTRICT JUDGE